UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

NORMAN CALVERT,

                Petitioner,

    -against-                           NOT FOR PUBLICATION
                                     **AMENDED MEMORANDUM**
                                     **& DECISION**
UNITED STATES OF AMERICA,       06-CV-1722 (CBA)

                Respondent.

----------------------------------------------------------x
AMON, United States District Judge.

      Petitioner Norman Calvert filed a *pro se* application for a writ of *audita querela*, or in the alternative a writ of error *coram nobis*, under the All Writs Act, 28 U.S.C. § 1651(a). Calvert seeks to vacate his judgment of conviction entered under docket number 94-CR-1095 (CBA) after a bench trial on June 14, 1995. Calvert appealed this conviction to the United States Court of Appeals for the Second Circuit, which affirmed the conviction. United States v. Calvert, 100 F.3d 941, 941 (2d Cir. 1996). In addition, prior to the current application, Calvert twice challenged this conviction by filing motions for writs of *audita querela*. Both applications were denied on the merits by orders of this Court, see Memorandum and Order, Calvert v. United States, No. 03-CV-5794 (CBA), October 4, 2004; Memorandum and Order, Calvert v. United States, No. 99-CV-8296 (CBA), August 7, 2001, and Calvert's appeals of those orders were consolidated and dismissed by the Second Circuit. See Calvert v. United States, 139 Fed. Appx. 346 (2d Cir. July 22, 2005).

On April 28, 2006, this Court denied Calvert's most recent application for a writ of *audita querela*, or in the alternative, a writ of error *coram nobis*, in which Calvert argued that his conviction is infirm because of an alleged error in the underlying Complaint. See Memorandum and Order, Calvert v. United Sates, No. 06-CV-1722 (CBA), April 28, 2006 ("Order"). The Court noted that Calvert was most likely seeking a writ of error *coram nobis* rather than a writ of *audita querela*, but that neither writ could be granted. Calvert subsequently filed a request for relief from the order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and a motion to supplement his application for a writ of *audita querela*, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. For the reasons discussed below, Calvert's request for relief from the order and his motion to supplement his application are denied.

**I.     Analysis**

**A.     Rule 15(d) motion**

Rule 15(d) provides, in pertinent part, that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented . . . ." Because the Court denied Calvert's application for a writ of *audita querela*, or in the alternative a writ of *coram nobis*, on April 28, 2006, his motion to amend his pleadings is untimely. If, after judgment has been entered in a case, a party has new evidence to present, he may do so in connection with a Rule 60(b) motion. See Fed. R. Civ. P. 60(b)(2). Because Calvert has filed a Rule 60(b) motion and is proceeding *pro se*, we will construe his motions liberally

and will address the arguments of his Rule 15(d) motion as part of his Rule 60(b) motion.

See Haines v. Kerner, 404 U.S. 519 (1972).

### B. Rule 60(b) motion

Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The standards governing the application of Rule 60(b) are strict. A court's final judgment should not "be lightly reopened." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (quoting Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981)). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." Id. Calvert does not present any exceptional circumstances here.

First, Calvert argues that this Court applied the wrong legal standard in denying his application. In the prior order, the Court noted that "[t]he writ of *audita querela* is available where a conviction that was valid when rendered has subsequently been rendered infirm by later events, and that infirmity may not be redressed by any other post-conviction remedy." Order at 2. Calvert argues that the writ of *audita querela* is actually available for a "*legal* objection to a conviction, which has arisen subsequent to that conviction, and which is not redressable pursuant to another post-conviction remedy." United States v.

3

Holder, 936 F.2d 1, 5 (1st Cir. 1991) (emphasis in original). Other courts in this Circuit have used the same language used by this Court in explaining the availability of a writ of *audita querela*. See Durrani v. United States, 294 F. Supp. 2d 204, 216 (D. Conn. 2003) ("[A] writ of *audita querela* is used to challenge 'a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.'") (quoting United States v. Reyes, 945 F.2d 862, 863 n. 1 (5th Cir. 1991)); Dove v. United States, 2006 WL 839535 *1 (N.D.N.Y. March 29, 2006) ("The common law writ of *audita querela* has been defined as 'a means of attacking a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.'") (quoting United States v. Sperling, 2003 WL 21518359 *4 (S.D.N.Y. June 27, 2003)). However, Calvert is correct that the Second Circuit has utilized the Holder language in describing the writ of *audita querela*. See United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (citing Holder, 936 F.2d at 2)).

Nonetheless, even if there is a difference between the language used by this Court and the Holder language, this Court's earlier order did not rely on this language in dismissing Calvert's petition. Rather, the Court held that Calvert is not entitled to either or a writ of error *coram nobis* or a writ of *audita querela*, as he did not and could not allege sounds reasons for why he could not seek earlier relief. Order at 4. Neither a writ of error *coram nobis* nor a writ of *audita querela* is available where a petitioner could have sought earlier relief through another mechanism. See Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998) ("[T]o obtain coram nobis relief a petitioner must demonstrate that . . . 'sound reasons exist for failure to seek appropriate earlier relief . . . .'") (quoting Foont v.

4

United States, 93 F.3d 76, 78 (2d Cir. 1996)); United States v. LaPorta, 20 F. Supp. 2d 530, 533 (W.D.N.Y. 1998) ("Generally speaking, both writs are only available where a prisoner has a legal challenge to his conviction that is not redressable pursuant to a statutory post-conviction remedy, including a motion brought pursuant to section 2255."); United States v. Logan, 22 F. Supp. 2d 691, 694 (W.D. Mich. 1998) (where petitioner's claims "could have been pursued in a § 2255 motion, they cannot come in through the *audita querela* backdoor")); see also Triestman v. United States, 124 F.3d 361, 380 n. 24 (2d Cir. 1997) ("It is possible that [a writ of error *coram nobis* and/or a writ of *audita querela*] might be deemed available if . . . for example, an actually innocent prisoner were barred from making a previously unavailable claim under § 2241 as well as § 2255.")

In the instant case, Calvert is unable to explain why he could not have sought earlier relief, either through direct appeal or through a petition for habeas corpus pursuant to 28 U.S.C. § 2255. In his initial application, Calvert argued that the alleged defect in the Complaint was a "recent discovery." In his Rule 60(b) motion, he attempts to elaborate, explaining that he is a layman and that he relied upon "the presumption of regularity" with regard to the Complaint. However, in the earlier order, this Court noted that the Complaint was available to Calvert when he was charged, at his trial, throughout his appeal, and when he filed his two previous motions. Calvert could have examined the Complaint at any time and could have asserted the alleged defect in the Complaint during any of these proceedings or in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Accordingly, this Court held that Calvert could not assert sound reasons for seek earlier relief based upon the alleged defect in the Complaint and that Calvert was not entitled to

either a writ of *audita querela* or a writ of error *coram nobis*. <u>Order</u> at 4. Calvert's Rule 60(b) motion does not present any arguments that would alter the Court's analysis with respect to Calvert's failure to seek earlier relief.

Finally, in connection with his Rule 15(d) motion, which we construe as a Rule 60(b) motion, Calvert claims that he recently discovered that the Veterans Administration Police Chief had a copy of his arrest warrant on February 28, 1994, a day before issuance of the Complaint upon which the warrant was based. Calvert admits that this information was contained in the appendix to his direct appeal to the Second Circuit. (Pet. Letter dated May 7, 2006 at 5.) Furthermore, he fails to explain why he could not have raised this issue on direct appeal, in his prior applications for a writ of *audita querela*, in the application for a writ at issue presently, or in a petition for a writ of habeas corpus. Accordingly, this information does not alter the Court's analysis with respect to Calvert's failure to seek earlier relief.

## CONCLUSION

Accordingly, Calvert's Rule 15(d) motion to amend his pleadings and his Rule 60(b) motion to reconsider this Court's order are DENIED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Court's order would not be taken in good faith.

SO ORDERED.

Dated: Brooklyn, New York
January 17, 2007

Carol Bagley Amon
United States District Judge

6